**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary T. Johanson, et al., | No. CV-20-00496-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Nick Casavelli, et al., | |
| Defendants. | |

On March 9, 2020, pro se Defendants removed this action from Maricopa County Superior Court, where it has been heavily litigated for years, and attached 2,956 pages of state-court records to the Notice of Removal. (Doc. 1.)

Defendants have the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal jurisdiction, such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Defendants fail to cite specific pages within the 2,956 pages of state-court records. It is not the Court's job to sift through thousands of pages of documents in a quest to find the operative complaint and determine whether it is removable.

Furthermore, the Notice of Removal does not establish that removal was timely. It indicates that an amended complaint was filed on December 11, 2018 (Doc. 1 ¶ 1) but does not indicate that any subsequent amended complaints were filed. Needless to say, if the most recent amended complaint was filed in 2018, the time to remove expired long ago.

28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days after receipt of initial pleading setting forth claim for relief).

Thus, Defendants have not met their burden of establishing that removal was proper.

As a final matter, as the Court was finalizing this order and preparing to remand *sua sponte*, Plaintiffs filed a motion to remand, requesting attorneys' fees. (Doc. 9.) That motion states that Defendants removed this case "in bad faith to avoid a pending ruling on attorneys' fees and costs against them due to their willful disregard of the State Court's orders" and to evade trial. (*Id.* at 4-5.) Although it certainly appears that Defendants "lacked an objectively reasonable basis for seeking removal," such that an award of attorneys' fees may be appropriate, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the state court is far more familiar with this case and is better positioned to make that determination. Thus, to promote efficiency and avoid satellite litigation, the request for attorneys' fees regarding the remand should be addressed to the state court.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 9) is granted in part and denied in part. The Clerk of Court shall remand this action to Maricopa County Superior Court. Plaintiffs' request for attorneys' fees is denied without prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion to allow electronic filing (Doc. 6) and motion to submit electronic record (Doc. 7) are denied as moot.

Dated this 26th day of March, 2020.

Dominic W. Lanza
United States District Judge